IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:22-00091

LESLIE RUSSELL BURNEY

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant's counsel, John A. Carr, to withdraw as counsel and for the appointment of new counsel. (ECF No. 41). On March 7, 2023, the court held a hearing on Mr. Carr's motion. "To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed counsel. Justifiable dissatisfaction sufficient to merit substitution of counsel includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." United States v. Smith, 640 F.3d 580, 588 n.4 (4th Cir. 2011) (internal quotations and citation omitted). After hearing from both defendant and Mr. Carr at the hearing, the court determined that defendant was unable to show justifiable dissatisfaction with Mr. Carr. Therefore, and for other reasons placed on the record at the hearing, the court **DENIED** Mr. Carr's motion to be relieved as counsel.[1]

---

[1] The court notes that Mr. Carr is defendant's second appointed attorney. The court earlier granted a motion to withdraw filed by Assistant Federal Public Defender Rachel E. Zimarowski after she had represented defendant for approximately a year.

At the hearing, defendant expressed a desire to attempt to retain counsel of his own choosing. The court gave defendant **thirty days** to obtain counsel.[2] Doing so, however, requires a continuance of the trial date of April 4, 2023, and other pretrial deadlines.

Because failure to continue the case in order to allow defendant an opportunity to retain counsel of his choice would likely result in a miscarriage of justice, the court finds that the ends of justice outweigh the best interest of the defendant and the public in a speedy trial, see 18 U.S.C. § 3161(h)(7)(A), and **CONTINUES** the trial. In deciding to grant a continuance, the court considered the factors outlined in 18 U.S.C. §3161(h)(7)(B) and found that failure to grant a continuance "would deny the defendant reasonable time to obtain counsel[.]"

Accordingly, the court hereby **ORDERS** as follows:

1. A pretrial motions hearing is hereby scheduled for April 18, 2023, at 2:00 p.m., in Charleston.
2. Pretrial motions are to be filed no later than April 11, 2023.

---

[2] Mr. Carr continues to be defendant's appointed counsel unless and until new counsel enters a notice of appearance on defendant's behalf. If new counsel does not file a notice of appearance within the thirty-day period allotted by the court, the court will set a hearing to determine if defendant wishes to proceed pro se.

3. Trial of this action is continued until May 9, 2023, at 9:30 a.m., in Charleston.

4. Jury instructions and voir dire are due no later than May 2, 2023.

5. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from defendant's request to obtain counsel until the trial is excludable for purposes of the Speedy Trial Act.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Mr. Carr, to other counsel of record, to the United States Marshal for the Southern District of West Virginia, to the Probation Office of this court, and to the CJA Supervising Attorney.  Mr. Carr is directed to transmit a copy of the Order to defendant.

**IT IS SO ORDERED** this 8th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge